CASE 25.—ACTION BY W. F. FARNEY AGAINST J. C. VAN-
ARSDALL AND ANOTHER.—June 17, 1910.

## Farney v. Vanarsdall, &c.

Appeal from Mercer Circuit Court.

M. C. SAUFLEY, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

Animals—Killing Dogs—Liability.—Ky. St. section 68a, subsec.
6, enacted in 1906, making any dog returned for taxation and
on which the tax is paid when due property entitled to the
protection of live stock, and authorizing the owner to sue
for the killing or injuring of such dog contrary to law, and
repealing conflicting laws, does not repeal section 68, Ky. St.
enacted in 1865, making it lawful for any person to kill any
dog roaming on his premises, and a dog listed for taxation
and on which the tax has been paid has the protection ac-
corded to live stock except as provided in section 68.

J. MORGAN CHINN and C. E. RANKIN for appellant.

E .H. GAITHER and C. A HARDIN for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

Appellant, W. F. Farney, was the owner of two
valuable bird dogs. These dogs, while chained to-
gether, roamed upon the premises of J. C. Vanarsdall
and into a field where he kept a flock of sheep. When
discovered by appellee, the dogs in company with an-
other dog, were running after some turkeys. While
so engaged the two dogs in question became fastened
to a fence that inclosed the land of which appellee was

in control. Thereupon appellee beat the two dogs·to death. Appellant instituted this action, charging that appellee and A. Terhune willfully and intentionally killed the dogs, and that they were of the value of two hundred and fifty dollars. For that amount and interest he prayed judgment. ·Appellees' demurrer to the petition having been overruled, they filed an answer in three paragraphs. The first paragraph was a traverse. In the second paragraph appellees pleaded as a bar to appellant's right of recovery the fact that the dogs had not been listed for taxation nor had the tax been paid, and they were not therefore property. In the third paragraph the appellees defended on the ground that the dogs when killed were in the act of annoying appellee Vanarsdall's sheep and running his turkeys, and were running at large upon his premises, unaccompanied by their owner or any other person., A demurrer was sustained to the second paragraph, but overruled as to the third paragraph of the answer. A reply traversing the affirmative matter in the answer completed the issues. The trial resulted in a verdict and judgment in favor of appellees. From that judgment this appeal is prosecuted.

Upon the trial, the lower court instructed the jury to find for appellant the reasonable market value of the dogs, not to exceed the sum of $250, unless they believed from the evidence that the dogs at the time they were roaming at large in appellee Vanarsdall's field were unaccompanied by their owner or keeper. In the latter event the jury were told to find for appellee. Appellant objected and excepted to this instruction, and offered an instruction presenting his theory of the case, which was refused. It is the contention of the appellant that the instruction given was not authorized by the law now in force, and was equiva-

lent to a peremptory instruction to find for appellee. Section 68 of the Kentucky Statutes is as follows: "Every person owning, having or keeping any dog shall be liable to the party injured for all damages done by such dog. But no recovery shall be had in case the person injured is, at the time, upon the premises of the owner of the dog after night, or engaged in some unlawful act in the daytime; and it shall be lawful for any person to kill, or cause to be killed, any dog which he may find roaming at large on his premises without the presence of the owner or keeper of such dog; and to kill, or cause to be killed, any dog which may be or may have been found killing, worrying or injuring any cattle outside of the inclosures of the owner of the dog, or any dog having the disease known as the 'rabies,' or that there are reasonable grounds to believe has such disease; or a bitch 'in season' found off the premises of the owner or person having her in custody, and not accompanied by some one having her in charge." The above act was enacted on January 31, 1865. See Myers' Supplement, p. 189. Subsection 6, sec. 68a, Ky. St. (section 356, Russell's St.), which is a part of the act of 1906 (Acts 1906, c. 10), is as follows: "Any dog returned for taxation, and the tax on which is paid when due, shall be regarded as property and shall be entitled to the same protection as live stock. The owner of any dog listed for taxation which may be injured or killed contrary to law, or carried or enticed away from the premises of the owner or harborer, for the purpose of killing or injuring such animal or depriving the owner thereof, may recover exemplary damages of the person for so killing or injuring or enticing away such dog: Provided, that in the trial of any

action for damages arising under this section it shall be competent to offer in evidence whether in listing such dog any value was affixed by the owner and the amount of such valuation. And any person violating the provisions of this section shall be liable to prosecution as in case of injuring live stock or personal property of another."

The repealing part of the act of 1906, which is subsection 10, sec. 68a, Ky. St. (section 360, Russell's St.), is as follows: "That an act, entitled 'An act to amended chapter 29, General Statutes,' approved May 17, 1886, be, and the same is hereby, repealed and all laws in conflict with this act are, to the extent of such conflict, hereby repealed." It is the contention of appellant, on this appeal, that section 68, Ky. St., was repealed by the act of 1906. It will be observed, however, that section 68 was not expressly repealed. The only act expressly repealed by the act of 1906 was an act entitled "An act to amend chapter 29, General Statutes," approved May 17, 1886 (Acts 1885-86, c. 1228). Section 68, Ky. St., is not a part of the act of May 17, 1886. It was enacted on January 31, 1865, and was therefore, in force long before the passage of the act of 1886. That being true, we must determine whether or not section 68 is in conflict with the act of 1906. In considering this question we must do so in the light of the well-settled doctrine that repeals by implication are not favored by the courts, and that no statute should be construed as repealing a prior act unless so clearly repugnant thereto as to admit of no other reasonable construction. Cope v. Cope, 137 U. S. 686, 11 Sup. Ct. 222, 34 L. Ed. 832; Louisville & Nashville R. R. Co. v. Jarvis, 87 S. W. 759, 27 Ky. Law Rep. 986; Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703.

The argument of counsel for appellant is that subsection 6, sec. 68a, Ky. St., provides that any dog returned for taxation, and the tax on which is paid when due shall be regarded as property and shall be entitled to the same protection as live stock, and that this protection carries with it immunity from destruction while roaming upon the premises of another. If the language referred to above were the only provision contained in subsection 6 of section 68a, there would be some force in counsel's reasoning, but the section goes on and further provides: "The owner of any dog listed for taxation which may be injured or killed contrary to law," etc. By using the language "injured or killed contrary to law," the Legislature clearly indicated that a dog might be killed under certain circumstances in accordance with the law, and thus recognized the full force and effect of section 68, which provides that it shall be lawful for any person to kill, or cause to be killed, any dog which he may find roaming at large upon his premises, without the owner or keeper of such dog, etc. That being true, we conclude that subsection 6 of section 68a is not so repugnant to section 68 as to require us to hold that the latter section was repealed by the former. We think it was the evident purpose of the Legislature, by subsection 6 of section 68a, to give to dogs listed for taxation, and upon which the tax has been paid, the same protection as live stock in all cases except those provided for in section 68, Ky. St. A dog, even though listed for taxation, and the tax on which has been paid, is still liable to be killed, without a right of action accruing in the owner, if at any time guilty of the conduct denounced by section 68.

Being of this opinion, it necessarily follows that the instructions given by the trial court properly presented the law of the case.

Judgment affirmed.